# IN THE DISTRICT COURT OF THE UNITED STATES

## for the Western District of New York

_____

|  |  |
|---|---|
|  | **MARCH 2021 GRAND JURY**<br>**(Impaneled March 26, 2021)** |
| **THE UNITED STATES OF AMERICA** | **INDICTMENT** |
| *-vs-* | **Violations:** |
| **HORMOZ MANSOURI** | Title 18, United States Code,<br>Sections 1349, 1344, 1343, and 1957<br>(40 Counts and 2 Forfeiture Allegations) |

### INTRODUCTION

**The Grand Jury Charges That:**

At all times relevant to this Indictment:

**The Defendant**

1.　　Defendant, HORMOZ MANSOURI, ("MANSOURI"), was a resident of Amherst, New York.

**Related Entities**

2.　　HLM Holding LLC (herein after HLM) was a limited liability company with a listed address of 2060 Sheridan Drive, Buffalo, New York 14223.  In loan applications and bank records, MANSOURI was listed as the owner/managing partner.

3.　　2060 Sheridan Drive, LLC (hereinafter 2060 Sheridan Drive) was a limited liability company with a listed address of 2060 Sheridan Drive, Buffalo, New York 14223.  In

loan applications and bank records, MANSOURI was listed as the owner/managing sole member.

4.      212 Holden Avenue LLC (hereinafter 212 Holden) was a limited liability company, with a listed address of 2060 Sheridan Drive, Buffalo, New York 14223.  In loan applications and bank records MANSOURI was listed as the owner/managing partner.

5.      350 Old Niagara Falls Boulevard LLC (hereinafter 350 Old NFB) was a limited liability company, with a listed address of 2060 Sheridan Drive, Buffalo, New York 14223. In loan applications and bank records MANSOURI was listed as the owner/sole member.

6.      47 East Amherst LLC (hereinafter 47 E. Amherst) was a limited liability company, with a listed address of 2060 Sheridan Drive, Buffalo, New York 14223.  In loan applications and bank records, MANSOURI was listed as the majority owner/managing member.

7.      3600 Harlem Road LLC (hereinafter 3600 Harlem) was a limited liability company, with a listed address of 2060 Sheridan Drive, Buffalo, New York 14223. In loan applications and bank records, MANSOURI was listed as the majority owner/managing sole member.

8.      EI Team Inc. (hereinafter EI Team) was a corporation, with an address of 2060 Sheridan Drive, Buffalo, New York 14223. In loan applications and bank records, MANSOURI was listed as the owner.

9.      NPTS Inc. (hereinafter NPTS) was a corporation with an address of 2060 Sheridan Drive, Buffalo, New York 14223.  In loan applications, MANSOURI was listed as the owner.

**The Small Business Administration**

10.     The United States Small Business Administration ("SBA") was an agency of the United States government that provided support to entrepreneurs and small businesses.

**The Paycheck Protection Program**

11.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law, enacted on or about March 27, 2020, designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.  One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

12.     To obtain a PPP loan, a qualifying business was required to submit a PPP loan Application. The loan application required that it be signed by an authorized representative of the business.   The loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan.  In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees.  These figures were used to calculate the amount of money the small business was eligible to receive under the PPP.

13.     PPP loan applications were processed by a participating lender.  The loan application and any supporting documentation was transmitted to the lender.  If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100 percent guaranteed by the SBA.

14.     PPP loan proceeds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities.  Under the applicable PPP rules and guidance, the interest and principal on the PPP loan were eligible for forgiveness if the business spent the loan proceeds on these expense items within a designated period of time and used a certain portion of the loan for payroll expenses.

**Economic Injury Disaster Loan (EIDL)**

15.     A second source of relief provided by the CARES Act was funding to the SBA for the Economic Injury Disaster Loan ("EIDL") Program.  The EIDL program was designed to provide economic relief to businesses experiencing a temporary loss of revenue due to COVID-19.

16.     The program provided low interest loans to pay for expenses that could have been met had the pandemic not occurred.  Eligible expenses included payroll, paid sick leave for employees, increased production costs due to supply chain disruptions, and business obligations such as debts, rent, and mortgage payments.

17.     In addition to the EIDL program loans, small businesses could request an EIDL Advance, based on the number of employees stated on the EIDL application.

**Relevant Financial Institutions and Other Lending Institutions**

18.     M&T Bank was a federally insured financial institution based in Buffalo, New York.  M&T Bank was authorized by the SBA to participate as a PPP lender.

19.     Funding Circle was a financial service company based in California.  Funding Circle was authorized by the SBA to participate as a PPP lender.

20.     Cross River Bank was a federally insured financial institution based in New Jersey. Cross River Bank was authorized by the SBA to participate as a PPP lender.

21.      Celtic Bank was a federally insured financial institution based in Utah. Celtic Bank was authorized by the SBA to participate as a PPP lender.

22.     Customers Bank was a federally insured financial institution based in Pennsylvania.  Customers Bank was authorized by the SBA to participate as a PPP lender.

23.     Fundbox was a financial service company based in California.  Fundbox was authorized by the SBA to participate as a PPP lender.

## COUNT 1

**(Conspiracy to Commit Wire Fraud and Bank Fraud)**

**The Grand Jury Further Charges That:**

24.     The allegations in the Introduction of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

5

25.     Beginning in or around April 2020, and continuing to in or around February 2021, in the Western District of New York, and elsewhere, the defendant, MANSOURI, did knowingly, willfully, and unlawfully combine, conspire, and agree with others, known and unknown to the Grand Jury, including unindicted coconspirators, to:

    i.   devise and intend to devise a scheme and artifice to defraud financial institutions, financial service companies, and the SBA and to obtain money and property from financial institutions, financial service companies and the SBA by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, did transmit, and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343; and

    ii.   execute a scheme and artifice to defraud financial institutions and to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of, financial institutions by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

26.     Beginning in or around April 2020, and continuing until in or around February 2021, the defendant, MANSOURI, conspired to execute, executed, and attempted to execute, a scheme and artifice to defraud financial institutions, financial service companies, and the SBA in connection with funds available through the PPP and EIDL programs.

27.     As part of the conspiracy, the defendant, MANSOURI, submitted, and caused to be submitted, fraudulent PPP loan applications and fraudulent EIDL applications, by means of interstate wire communications, in the names of certain entities. The submitted PPP loan applications and EIDL applications were approved based on materially false and fraudulent pretenses, representations, and promises contained therein.

28.     It was the purpose of the conspiracy for the defendant, MANSOURI,  to unjustly enrich himself and his businesses by fraudulently obtaining funds available through the PPP and EIDL programs.

29.     In furtherance of the conspiracy, the submitted PPP loan applications contained materially false and fraudulent representations regarding the monthly payroll expenses and number of employees of the entities for which they were submitted.

30.     In furtherance of the conspiracy, the defendant, MANSOURI, and others known to the Grand Jury, submitted, and caused to be submitted, false and fraudulent IRS Forms 940, IRS Forms 941 and New York State Forms NYS-45.

31.     In furtherance of the conspiracy, the defendant, MANSOURI, and unindicted coconspirators known to the Grand Jury, submitted, and caused to be submitted, false and fraudulent payroll registers.

32.     Beginning in or around April 2020, and continuing until in or around June 2020, the defendant, MANSOURI, and unindicted coconspirators known to the Grand Jury, submitted, and caused to be submitted fraudulent EIDL applications.

33.     In furtherance of the conspiracy, the EIDL applications submitted and caused to be submitted by the defendant, MANSOURI, and others known to the Grand Jury,

contained materially false and fraudulent information which misstated revenues, the cost of goods sold, and/or the number of employees.

**All in violation of Title 18, United States Code, Section 1349.**

## COUNTS 2 through 13

**(Bank Fraud)**

**The Grand Jury Further Charges That:**

34.     The allegations in the Introduction of this Indictment and Count 1 are re-alleged and incorporated by reference as though set forth herein.

35.     On or about the dates set forth below, in the Western District of New York, and elsewhere, the defendant HORMOZ MANSOURI, did knowingly, willfully, and unlawfully execute, and attempt to execute, a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

| COUNT | Entity | Loan type | Funding Institution | Date Funded | Funded Amount |
|---|---|---|---|---|---|
| 2 | EI Team Inc | PPP | M& T Bank | April 20, 2020 | $238,757 |
| 3 | EI Team Inc | PPP | M&T Bank | January 29, 2021 | $274,582 |
| 4 | NPTS, Inc. | PPP | M&T Bank | April 22, 2020 | $141,652 |

| COUNT | Entity | Loan type | Funding Institution | Date Funded | Funded Amount |
|---|---|---|---|---|---|
| 5 | NPTS, Inc. | PPP | M&T Bank | January 29, 2021 | $274,582 |
| 6 | HLM Holding, LLC | PPP | Cross River Bank | February 17, 2021 | $274,582 |
| 7 | 2060 Sheridan Drive, LLC | PPP | Celtic Bank | June 12, 2020 | $83,300 |
| 8 | 2060 Sheridan Drive LLC | PPP | Customers Bank | February 16, 2021 | $274,582 |
| 9 | 212 Holden Avenue LLC | PPP | Celtic Bank | June 12, 2020 | $83,300 |
| 10 | 212 Holden Avenue LLC | PPP | Customers Bank | February 16, 2021 | $274,582 |
| 11 | 350 Old Niagara Falls Boulevard, LLC | PPP | Customers Bank | February 17, 2021 | $274,582 |
| 12 | 47 East Amherst, LLC | PPP | Customers Bank | February 10, 2021 | $274,582 |
| 13 | 3600 Harlem Road, LLC | PPP | Customers Bank | February 25, 2021 | $274,582 |

**All in violation of Title 18, United States Code, Sections 1344(2) and 2.**

## COUNTS 14 through 32
## Wire Fraud

### The Grand Jury Further Charges That:

36.     The allegations contained in the Introduction of this Indictment and Counts 1 through 13 are re-alleged and incorporated by reference as if fully set forth herein.

37.     Beginning in or around May 2020, and continuing through in or around February 2021, in the Western District of New York, and elsewhere, the defendant HORMOZ MANSOURI, did devise, and intend to devise, a scheme and artifice to defraud financial institutions, financial service companies and the SBA, and to obtain money and property from financial institutions, financial service companies and the SBA by means of materially false and fraudulent pretenses, representations, and promises.

38.     On or about the dates set forth below, in the Western District of New York, and elsewhere, for the purpose of executing the scheme and artifice, the defendant transmitted, and caused to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds as set forth below:

| COUNT | Date | Wire Communication |
|-------|------|--------------------|
| 14 | April 6, 2020 | EIDL Application for HLM Holding, LLC sent from the Western District of New York to the SBA in Iowa |
| 15 | April 7, 2020 | EIDL Application for NPTS sent from the Western District of New York to the SBA in Iowa |

| COUNT | Date | Wire Communication |
|-------|------|--------------------|
| 16 | April 7, 2020 | EIDL Application for E.I.Team, Inc., sent from Western District of New York to the SBA in Iowa |
| 17 | May 19, 2020 | PPP Loan Application for 2060 Sheridan Drive, LLC sent from the Western District of New York to Celtic Bank in Utah |
| 18 | May 27, 2020 | PPP Loan Application for HLM Holding, LLC sent from the Western District of New York to Funding Circle in California |
| 19 | June 4, 2020 | PPP Loan Application for 350 Old Niagara Falls Boulevard, LLC sent from the Western District of New York to FundBox in California |
| 20 | June 4, 2020 | PPP Loan Application for 47 East Amherst Street sent from the Western District of New York to Fund Box in California |
| 21 | June 5, 2020 | PPP Loan Application for 212 Holden Avenue, LLC sent from the Western District of New York to Celtic Bank in Utah |
| 22 | June 15, 2020 | PPP Loan Application for 3600 Harlem Road, LLC sent from the Western District of New York to FundBox in California |
| 23 | June 17, 2020 | EIDL Application for 2060 Sheridan Drive, LLC sent from the Western District of New York to the SBA in Iowa |
| 24 | June 17, 2020 | EIDL Application for 3600 Harlem Road, LLC sent from the Western District of New York to the SBA in Iowa |

| COUNT | Date | Wire Communication |
|-------|------|-------------------|
| 25 | June 18, 2020 | EIDL Application for 350 Old Niagara Falls Boulevard, LLC., sent from the Western District of New York to the SBA in Iowa |
| 26 | June 18, 2020 | EIDL Application for 47 East Amherst Street, LLC sent from the Western District of New York to the SBA in Iowa |
| 27 | January 15, 2021 | PPP Loan Application for 47 East Amherst Street, LLC sent from the Western District of New York to Customers Bank in Pennsylvania |
| 28 | January 15, 2021 | PPP Loan Application for 3600 Harlem Road, LLC sent from the Western District of New York to Customers Bank in Pennsylvania |
| 29 | January 15, 2021 | PPP Loan Application for 350 Old Niagara Falls Boulevard, LLC sent from the Western District of New York to Customers Bank in Pennsylvania |
| 30 | January 15, 2021 | PPP Loan Application for 212 Holden Avenue, LLC sent from the Western District of New York to Customers Bank in Pennsylvania |
| 31 | January 15, 2021 | PPP Loan Application for 2060 Sheridan Drive, LLC sent from the Western District of New York to Customers Bank in Pennsylvania |
| 32 | February 16, 2021 | PPP Loan Application for HLM Holden, LLC sent from the Western District of New York to Cross River Bank in New Jersey |

**All in violation of Title 18, United States Code, Sections 1343 and 2.**

<u>**COUNTS 33 through 40**</u>

**(Money Laundering)**

**The Grand Jury Further Charges That:**

39.     The allegations in the Introduction and Counts 1 through 32 are realleged and incorporated by reference as though fully set forth herein.


40.     On or about the dates set forth below, in the Western District of New York, and elsewhere, the defendant, HORMOZ MANSOURI, did knowingly engage in monetary transactions, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is, the deposit, withdrawal, transfer, and exchange of funds and monetary instruments by, through, and to financial institutions engaged in, and the activities of which affected, interstate and foreign commerce, such property having been derived from specified unlawful activity, that is, bank fraud in violation of Title 18, United States Code, Section 1344, and wire fraud in violation of Title 18, United States Code, Section 1343, and knowing that the funds and monetary instruments involved in the transactions constituted, and were derived from, proceeds obtained from a criminal offense.

| COUNT | DATE OF TRANSACTION | AMOUNT | DESCRIPTION OF TRANSACTION |
|---|---|---|---|
| 33 | July 30, 2020 | $50,537.56 | Check number 26982 in the amount of $50,537.56, drawn on M&T Account 2928 in the name of NPTS made payable to Northtown Lexus for the purchase a 2017 Lexus LX570. |

| COUNT | DATE OF TRANSACTION | AMOUNT | DESCRIPTION OF TRANSACTION |
|---|---|---|---|
| 34 | August 06, 2020 | $13,976.35 | Account transfer in the amount of $13,976.35 from M&T Account 0135 in the name of 212 Holden Avenue to M&T Account 2928 in the name of NPTS. |
| 35 | August 20, 2020 | $13,977.15 | Account transfer in the amount of $13,977.15 from M&T Account 5884 in the name HLM to M&T Account 2678 in the name of EI Team. |
| 36 | September 03, 2020 | $16,513.55 | Account transfer in the amount of $16,513.55 from M&T Account 3470 in the name of 47 E Amherst to M&T Account 2928 in the name of NPTS. |
| 37 | October 1, 2020 | $16,990.64 | Account transfer in the amount of $16,990.64 from M&T Account 3454 in the name of 2060 Sheridan Drive to M&T Account 2678 in the name EI Team. |
| 38 | October 15, 2020 | $17,065.52 | Account transfer in the amount of $17,065.52 from M&T Account 2274 in the name of 350 Old Niagara Falls Boulevard, LLC to M&T Account 2678 in the name EI Team, Inc. |

| COUNT | DATE OF TRANSACTION | AMOUNT | DESCRIPTION OF TRANSACTION |
|---|---|---|---|
| 39 | October 29, 2020 | $17,064.17 | Account transfer in the amount of $17,064.17 from M&T Account 2720 in the name 3600 Harlem Road LLC to M&T Account 2928 in the name NPTS. |
| 40 | May 12, 2021 | $200,000 | Account transfer in the amount of $200,000 from M&T Account 2928 in the name of NPTS to M&T Account 3354 in the name of Mansouri for County Comptroller. |

**All in violation of Title 18, United States Code, Section 1957(a).**

## FIRST FORFEITURE ALLEGATION

**(Proceeds Forfeiture)**

**The Grand Jury Alleges That:**

41.    Upon conviction of one or more of the offenses set forth in Counts 1 through 32 of this Indictment, the defendant, HORMOZ MANSOURI, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation. The property to be forfeited includes, but is not limited to, the following:

### A. MONETARY SUM

The approximate sum of three million, five hundred twenty-five thousand, thirty-one dollars and 70 cents ($3,525,032.70) United States currency, which sum of money is equal to the total amount of proceeds obtained as a result of the offenses for which the defendant, HORMOZ MANSOURI, is charged in Counts 1 through 32. In the event that the above sum is not available, then a money judgment for the same amount will be entered against the defendant.

### B. BANK ACCOUNTS

i.   All Funds seized from M&T Bank, Business Checking Account Ending in 2678 Held in the Name of EI Team, Inc;

ii.   All funds seized from M&T Bank, Business Checking Account Ending in 2928 Held in the Name of NPTS;

iii.   All funds seized from M&T Bank, Business Checking Account Ending in 5884 Held in the Name of HLM Holding LLC;

iv.   All funds seized from M&T Bank Business Checking Account Ending in 3454 Held in the Name of 2060 Sheridan Drive LLC;

v.   All funds seized from M&T Bank Business Checking Account Ending in 0135 Held in the Name of 212 Holden Avenue LLC;

vi.   All funds seized from M&T Bank Business Checking Account Ending in 2274 Held in the Name of 350 Old Niagara Falls Boulevard LLC;

vii.   All funds seized from M&T Bank Business Checking Account Ending in 3470 Held in the Name of 47 East Amherst LLC;

viii.   All funds seized from M&T Bank Business Checking Account Ending in 2720 Held in the Name of 3600 Harlem Road LLC; and

ix.   All funds seized from M&T Bank Business Checking Account Ending in 3354 Held in the Name of Mansouri for County Comptroller.

C.  **VEHICLE**

  i. One 2017 LEXUS LX570, VIN: JTJHY7AX1H4226453
    Titled and Registered to NPTS, Inc, Owned by Hormoz Mansouri.

If any of the property described above, as a result of any act or omission of the defendant:

  i. cannot be located upon the exercise of due diligence;

  ii. has been transferred or sold to, or deposited with, a third person;

  iii. has been placed beyond the jurisdiction of the Court;

  iv. has been substantially diminished in value; or

  v. has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 18, United States Code, Section 982(a)(2), Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).**

## SECOND FORFEITURE ALLEGATION

### (Money Laundering Forfeiture)

**The Grand Jury Further Alleges That:**

42. Upon conviction of one or more of the offenses set forth in Counts 33 through 40 of this Indictment, the defendant, HORMOZ MANSOURI, shall forfeit to the United

States, pursuant to Title 18, United States Code, Section 982(a)(1), the following property:

### A.   PROPERTY

All right, title and interest in any and all property involved in violations of Title 18, United States Code, Section 1957 for which the defendant is convicted, and all property traceable to such property, including the following: 1) any property or any property traceable to such property, that was the subject of each transaction, transmission or transfer in violation of Section 1957;  and 2) any property or any property traceable to such property, used in any manner or part to commit or to facilitate the commission of those violations.

### B.   MONETARY AMOUNT

The sum of approximately three hundred forty-six thousand, one hundred twenty-four dollars and 94 cents ($346,124.94) United States currency, which sum of money is equal to the total amount of money involved in the money laundering offenses for which the defendant, HORMOZ MANSOURI is charged.  In the event that the above sum is not available, then a money judgment for the same amount will be entered against the defendant.

### C.   SPECIFIC ASSETS

The following specific assets which have been identified as property involved in a money laundering transaction or transactions:

### 1.   BANK ACCOUNTS

    i.   All funds seized from M&T Bank, Business Checking Account Ending in 2678 Held in the Name of EI Team, Inc;

ii.    All funds seized from M&T Bank, Business Checking Account Ending in 2928 Held in the Name of NPTS;

iii.    All funds seized from M&T Bank, Business Checking Account Ending in 5884 Held in the Name of HLM Holding LLC;

iv.    All funds seized from M&T Bank Business Checking Account Ending in 3454 Held in the Name of 2060 Sheridan Drive LLC;

v.    All funds seized from M&T Bank Business Checking Account Ending in 0135 Held in the Name of 212 Holden Avenue LLC;

vi.    All funds seized from M&T Bank Business Checking Account Ending in 2274 Held in the Name of 350 Old Niagara Falls Boulevard LLC;

vii.    All funds seized from M&T Bank Business Checking Account Ending in 3470 Held in the Name of 47 East Amherst LLC;

viii.    All funds seized from M&T Bank Business Checking Account Ending in 2720 Held in the Name of 3600 Harlem Road LLC; and

ix.    All funds seized from M&T Bank Business Checking Account Ending in 3354 Held in the Name Of Mansouri For County Comptroller.

2.    **<u>VEHICLE</u>**

i.    One 2017 LEXUS LX570, VIN: JTJHY7AX1H4226453
Titled and Registered to NPTS, Inc, Owned by Hormoz Mansouri

If any of the property described above as being subject to forfeiture, as a result of any

act or omission of the defendant

i.    cannot be located upon the exercise of due diligence;

ii.    has been transferred or sold to, or deposited with, a third person;

iii.    has been placed beyond the jurisdiction of the Court;

iv.    has been substantially diminished in value; or

v.    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

**All pursuant to Title 18, United States Code, Section 982(a)(1), and Title 21, United States Code, Section 853(p).**

DATED:      Buffalo, New York, March 10, 2022.

TRINI E. ROSS
United States Attorney

BY:      s/Michael Digiacomo
MICHAEL DIGIACOMO
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
716/843-5838
Michael.Digiacomo@usdoj.gov

A TRUE BILL:

s/Foreperson
FOREPERSON